UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>-against-<br><br>HOUSING SOLUTIONS, ET AL.,<br><br>                    Defendants. | 25-CV-3770 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On May 8, 2025, Plaintiff, who is proceeding *pro se,* filed, as an unidentified "John Doe" plaintiff, a complaint, a request to proceed *in forma pauperis* ("IFP"), and a motion to proceed under a pseudonym. (ECF 1-3.) Plaintiff does not provide his true name, signature, or mailing address on any of these submissions. Although Plaintiff provides an email address, he has not consented to electronic service of court documents.

As set forth below, the Court directs Plaintiff, within 30 days from the date of this order, to: (1) submit the attached signature pages for the complaint, IFP application, and motion to proceed to under a pseudonym with his signatures; and (2) either provide a mailing address or submit a completed and signed form consenting to electronic service of court documents.

**DISCUSSION**

**A.    Name and signatures**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). In limited circumstances, courts may permit parties to proceed under a pseudonym or anonymously. *Id.* at

190 (setting forth factors to be considered). Additionally, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff submitted the complaint, IFP application, and motion to proceed under a pseudonym under the name "John Doe," without providing his true name or signature. Within 30 days of the date of this order, Plaintiff must submit the attached signature pages of the complaint, IFP application, and motion to proceed under a pseudonym with his true name, address, and signature. Plaintiff must provide this information to the Court before it rules on his motion to proceed under a pseudonym.

If Plaintiff returns the signed documents by mail or in person, they must have handwritten signatures that comply with Rule 11(a), and be labeled with the docket number 25-CV-3770 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court grants the motion to proceed under a pseudonym, Plaintiff will be permitted to proceed as "John Doe," his identity will not be disclosed, and access to any documents identifying him will be limited. If the Court denies the motion, Plaintiff shall have 30 days to withdraw the action, should he decide not to proceed under his true name.

**B.    Address**

Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No.

24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order") (ECF 4.) In this case, Plaintiff does not provide a mailing address. Although Plaintiff does provide an email address, he has not consented to electronic service of court documents. Should Plaintiff wish to receive court documents by email, he must consent to electronic service by completing and signing a Consent to Electronic Service form.[1]

## CONCLUSION

The Court directs Plaintiff, within 30 days from the date of this order, to: (1) return the attached signature pages for the complaint, IFP application, and motion to proceed under a pseudonym, each bearing his true name and signature; and (2) provide a mailing address or consent to electronic service. No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

Because Plaintiff has not provided a mailing address, the Court directs the Clerk's Office to email a copy of this order and the attachments to Plaintiff at the following email address: johndoeusdc@gmail.com. Although Plaintiff has not consented to electronic service, the Court will extend this one-time courtesy to Plaintiff to alert him to this order.

---

[1] If Plaintiff consents to receive documents by email, he will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge